# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN ECKER, | Civil Action No. 13-6107 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| SPEVACK LAW OFFICES et al., | |
| Defendants. | |

**CHESLER**, District Judge

      This matter comes before the Court on its own motion to remand for lack of subject matter jurisdiction. Defendants Spevack Law Offices, Ronald Spevack, David Spevack, and Miriam Spevack (collectively, "Defendants") filed a Notice of Removal and Complaint in this Court on or about October 14, 2013. The Notice of Removal asserts that this Court has federal subject matter jurisdiction over this action by virtue of a claim arising under federal law, pursuant to 28 U.S.C. § 1331. The Complaint contains three claims, one arising under federal law (the Age Discrimination in Employment Act), and two arising under the law of the State of New Jersey.

      On November 5, 2013, Defendants filed a motion to dismiss the Complaint. Plaintiff has not opposed that motion, but has filed a voluntary dismissal of the single federal claim and asked this Court to remand the case to state court.

      In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action.

Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d); see also Federal Rule of Civil Procedure 12(h)(3). The Court, moreover, has an independent obligation to satisfy itself that it has subject matter jurisdiction over a case. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

Because Plaintiff has voluntarily dismissed the sole claim arising under federal law, and because there is no independent basis asserted for this Court's subject matter jurisdiction over this case, this Court now lacks original jurisdiction over this case. "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because this Court has now dismissed all claims over which it had original jurisdiction, it exercises its statutory discretion and declines to exercise supplemental jurisdiction over the remaining claims.

Because this Court lacks subject matter jurisdiction over this case, this case shall be remanded to the Superior Court of New Jersey. This Court thus declines to decide the pending motion to dismiss, and leaves that motion to be resolved in the state court.

For these reasons,

**IT IS** on this 9th day of January, 2014

**ORDERED** that this case is **REMANDED** to the Superior Court of New Jersey.

                                                              s/Stanley R. Chesler
                                           STANLEY R. CHESLER, U.S.D.J.